UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 3:16-cr-97-J-32JBT

WILLIAM MARION PATTERSON, III   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

### O R D E R

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant William Marion Patterson is a 51-year-old inmate incarcerated at Jesup FCI, serving an 84-month term of imprisonment for the receipt of child pornography. (Doc. 66, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on May 31, 2024. Defendant seeks compassionate release because of the Covid-19 pandemic, because of his facility's allegedly deficient response to the pandemic, and because he claims to suffer from hypertension, diabetes, hyperlipidemia, asthma, and "untreated nerve damage." (Doc. 72, Motion).

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

According to the Centers for Disease Control (CDC), one of Defendant's medical conditions – Type 2 diabetes – increases the risk of severe illness from Covid-19.[1] Because Defendant is not expected to recover from this condition, the United States concedes that Type 2 diabetes qualifies as an extraordinary and compelling reason for compassionate release in the context of Covid-19. (Doc. 74, Response at 4–9). However, two of Defendant's other conditions – hypertension and asthma – are only classified by the CDC as conditions that <u>might</u> increase the risk of serious illness from Covid-19. Defendant's remaining conditions – hyperlipidemia and "untreated nerve damage" – are not recognized by the CDC as conditions that increase or might increase the risk of severe infection.[2]

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2] The Court recognizes that there is a split of authority over whether district courts are bound by the list of extraordinary and compelling reasons contained in U.S.S.G. § 1B1.13, cmt. 1(A)-(C). See United States v. Brooker, — F.3d —, No. 19–

2

Although Type 2 diabetes is an underlying condition that increases Defendant's risk of serious infection, Defendant does not appear to be at imminent risk of severe illness. Defendant is not elderly; his diabetes and hypertension are treated by Metformin and Lisinopril, respectively (see Doc. 57, Presentence Investigation Report [PSR] at ¶ 66); he is a Care Level 2 inmate, which means he is a stable outpatient whose conditions can be managed through routine appointments (Doc. 74 Response at 8); and Defendant's facility appears to have mitigated the impact of Covid-19. According to the BOP's latest data, Jesup FCI reports one inmate positive for coronavirus, 19 staff members positive, 238 inmates recovered, three staff members recovered, and only one inmate death (out of 1,346 total inmates).[3]

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted of receiving child pornography. He collected 4,465 images and 687 videos of child sexual abuse, or the equivalent of 69,444 images. (Doc. 61 at ¶¶ 24, 39). The videos and images depicted the rape and abuse of prepubescent and toddler-aged children. (Id. at ¶¶ 15–24). Based on the offense conduct, Defendant received guidelines enhancements because the material involved prepubescent children, Defendant knowingly engaged in distribution, the material portrayed sadistic or masochistic conduct, Defendant used a computer to possess, transmit, receive, or

---

3218–CR (2d Cir. Sept. 25, 2020), Slip Op. at 12. The Court's decision does not depend on the resolution of that issue because the United States concedes that Type 2 diabetes qualifies as an extraordinary and compelling circumstance.

[3]     https://www.bop.gov/coronavirus/. Last accessed on November 9, 2020.

distribute child pornography, and Defendant possessed the equivalent of 69,444 images. (Id. at ¶¶ 35–39).

Importantly, the sentencing guidelines recommended a range of 151 to 188 months' imprisonment. (Id. at ¶ 77). The Court varied well below the guidelines range when it sentenced Defendant to a term of 84 months in prison. Defendant, who was remanded into custody following sentencing on June 19, 2018 (Doc. 65, Minute Entry), has only served about 29 months of his prison term (around 35% of the total sentence, or 41% accounting for good-time credits).[4] According to the BOP, Defendant has three and a half years remaining before he is released. In view of all the § 3553(a) factors, reducing Defendant's sentence is unwarranted at this time.

Accordingly, Defendant's Motion for Compassionate Release (Doc. 72) is **DENIED**.[5] Defendant's request for the appointment of counsel is likewise **DENIED**. Defendant has proven capable of presenting his cause, but his Motion lacks merit.

**DONE AND ORDERED** at Jacksonville, Florida this 13th day of November, 2020.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

---

[4] Defendant briefly spent four days in pretrial custody, from July 15, 2016 to July 19, 2016, before being released on bond.

[5] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).

Lc 19

Copies:
Counsel of record
Defendant